**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

**NATIONAL ASSOCIATION FOR THE**
**ADVANCEMENT OF COLORED PEOPLE, PHILLIPS**
**COUNTY BRANCH, PHILLIPS COUNTY, ARKANSAS;**
**ELECTED MEMBERS OF THE CITY COUNCIL OF WEST HELENA,**
**NATHAN ASHWOOD, CLARENCE RICHARDSON,**
**EDDIE LEE AND CALVIN HOLDEN**                                    **PLAINTIFFS**

**VS.**                              **NO: 2:05CV000195 JMM**

**PHILLIPS COUNTY ELECTION COMMISSION**
**OF PHILLIPS COUNTY, ARKANSAS AND THE**
**COUNTY OF PHILLIPS, STATE OF ARKANSAS**                  **DEFENDANTS**

**ORDER**

Pending before the Court is defendants' motion to dismiss for failure to name indispensable

parties.   For the reasons stated below, the motion is denied.

The Phillips County Branch of the National Association for the Advancement of Colored

People ("NAACP") and four members[1] of the West Helena City Council bring this lawsuit

pursuant to the 42 U.S.C. § 1971 ("Voting Rights Act"), 42 U.S.C. § 1981 and 1983.  The

plaintiffs are challenging the (1) constitutionality of Arkansas Code Annotated  § 14-40-1201, *et*

*seq.* which allows for the consolidation of cities, or incorporated towns, and (2) new redistricting

maps for the Helena-West Helena voting districts.[2]   Plaintiffs seek a declaratory judgment that

Arkansas Code Annotated  § 14-40-1201, *et seq.* and the redistricting maps for Helena-West

---

[1]On November 8, 2005 the consolidated city of Helena-West Helena elected a  new City
Council which replaced all members of the Helena and West Helena City Councils.

[2]The complaint also sought a preliminary injunction which would have halted the
November 8, 2005 elections and the January 1, 2005 consolidation of Helena and West Helena.  By
Order of November 2, 2005, the Court denied the motion for a preliminary injunction.

Helena are in conflict with the Fourteenth Amendment of the United States Constitution and the Federal Voting Rights Act of 1965, and that the plaintiff city council members have a federal and state right to serve out their elected terms.

Defendants are the Phillips County Election Commission which is charged with the elections associated with the consolidation of Helena and West Helena, and Phillips County which is a subdivision of the State of Arkansas.

Defendants contend that (1) all the candidates for the city council of Helena-West Helena are indispensable parties because they have a property interest in serving their elected terms; (2) the City of West Helena is an indispensable party because it has an interest in the election; (3) the executive branch of the State of Arkansas is an indispensable party because it has the obligation to defend the challenged statute[3]; and (4) numerous persons involved in litigation in two related state-court actions involving the consolidation of Helena and West Helena are indispensable parties because they are proponents of consolidation.   In support of its argument, defendants contend that plaintiffs have not named any person or entity that has a stake in the outcome of the litigation. Defendants specifically argue that the Phillips County Election Commission has no stake in the outcome of the lawsuit because its duties are ministerial in nature.

Plaintiffs contend that the pending motion is moot because (1) Helena and West Helena have consolidated; (2) the Helena-West Helena City Council election have been held; and (3) defendants waived the issue of indispensable parties when they participated in the hearing on the motion for injunctive relief without raising the issue.

---

[3]Upon notification of the pending lawsuit by defendants, the Arkansas Attorney General declined to represent the state's interest in the federal lawsuit stating that it was not a party and that he believed that defendants could adequately defend the case.

2

The Court finds that the pending motion is not moot.   If the Court were to ultimately rule in favor of plaintiffs on the issues of the constitutionality of the challenged statutes, it could result in the Court setting aside the consolidation of  Helena and West Helena, and the November 8, 2005 election results.   In addition, the failure to join a party indispensable under Rule 19 can be raised anytime up to the trial on the merits of a case.  Fed. R. Civ. P. 12(h)(2).

"Under Federal Rule of Civil Procedure 19, a nonparty is indispensable to an action if (1) the nonparty is necessary; (2) the nonparty cannot be joined; and (3) the action cannot continue in equity and good conscience without the nonparty."   *United States ex rel. Steele v. Turn Key Gaming, Inc.,* 135 F.3d 1249, 1251 (8th Cir. 1998) (citing *Pembina Treaty Comm. v. Lujan*, 980 F.2d 543, 544-45 (8th Cir. 1992)); Fed.R.Civ.P. 19.

A party is necessary if

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720 (8th Cir. 2001) (citing Fed.R.Civ.P. 19(a)).

A party cannot be joined for various reasons such as venue,  jurisdiction, or immunity. *Ranger Transp., Inc. v. Wal-Mart Stores*, 903 F.2d 1185 (8th Cir. 1990) (venue and jurisdiction); *United States ex rel. Steele v. Turn Key Gaming, Inc.,* 135 F.3d at 1251 (immunity).

The Court must consider whether the action cannot continue in equity and good conscience without the nonparty by considering:

[F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in

3

the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or
avoided; third, whether a judgment rendered in the person's absence will be adequate;
fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for
nonjoinder.

Fed.R.Civ.P. 19(b).

"Rule 19(a)(1) requires joinder 'only when the absence of the unjoined party prevents

complete relief among the current parties ⋯ the focus is on the relief between the parties and not ⋯

the speculative possibility of further litigation between a party and an absent person.'" *Beau v.*

*Moore*, 2005 WL 2002407 (E.D. Ark. 2005) (quoting *LLC Corp. v. Pension Benefit Guar. Corp*.,

703 F.2d 301, 305 (8th Cir. 1983)).

After considering the factors set forth in Rule 19, the Court finds that defendants' motion

should be denied.  *Cf.  Minnesota Milk Producers Ass'n v. Glickman*, 153 F.3d 632 (8th Cir. 1998)

(a party is not indispensable simply because it will be effected by a determination of Court); *Beau*

*v. Moore*, 2005 WL 2002407 (E.D. Ark. 2005) (Court can grant relief even when defendants only

have authority to enforce statute but no authority to levy and collect state taxes impose by

challenged statutes).

The Court finds that the case should go forward and the motion to dismiss is denied (#23).

IT IS SO ORDERED THIS   18   day of January, 2006.



_____
James M. Moody
United States District Judge